Opinion of
the Court.
THIS was an action of assumpsit, for whiskey sold and delivered. Two counts are laid in the declaration, the one on an in debitatus assumpsit, and the other on a quantum valebat. In both of these, as is usual in general counts of this sort, the promise is laid to pay whenever thereto afterwards lawfully requested. On the trial of the issue of non-assumpsit, an exception was ta *86 ken by the defendant in the court below, to the opinion of the court in overruling the motion for a non-suit, made on the ground that a special contract was proved and not declared on. The bill of exceptions states, in substance, that the plaintiff in the action proved the sale and delivery of the whiskey; that the defendant promised to pay therefor in three months, and to execute a note for the same, at a muster at Middletown, in about two or three weeks thereafter; that the plaintiff, on his part agreed that if a man of the name of Black, returned in three months, he would not ask interest; and that no other testimony was introduced by the plaintiff, to support the issue.
Where the promise laid in the declaration is to pay on request, and the promise proved on the trial is to pay in 3 months the variance must be fatal, however strict a conformity there may be between the allegations proof in every thing else.
The only question made by the errors assigned, is, whether the opinion of the court, in refusing to direct the jury as in case of a nonsuit, is correct? This depends upon the materiality of the variance between the declaration and the proof. The consideration, as laid and proved, is the same; nor does there appear any variance between the proof and the allegation, as to the price or amount agreed to be paid; and after verdict, the assumpsits laid in the declaration, will be taken as express, not implied assumpsits. In these respects, therefore, there is a perfect coincidence between the allegations and the proofs. The variance relied on, must consist, either in the omission to allege the promise to execute a note, and the agreement not to ask interest, or in the difference in the time of payment, as laid and as proved. The promise to execute a note for the payment of the money made no part of the original assumpsit to pay. It was a kind of auxiliary or accessary promise, which, whether performed or not, could make no change in the plaintiff’s right to declare and recover upon the original assumpsit. Nor ought the agreement on the part of the plaintiff, not to ask interest, to be considered as material. Interest did not, as a legal consequence, attach to the promise; and if it had, it was properly a matter of defence, and need not be alleged by the plaintiff. The evidence, therefore, with regard to these circumstances, does not appear essentially to affect the case. The only matter remaining for consideration, is the variance in the time of payment, as laid and as proved; the former being upon request, and the latter within three months. After the most mature examination we have been able to give *87 this subject, we feel ourselves reluctantly constrained to pronounce the opinion, that this variance is fatal. That the allegata and probata should correspond, is a rule, as sound in principle, as it is well established by precedent. To permit the plaintiff in an action to recover on evidence materially variant from his allegations, would defeat the purposes of pleading. The defendant could neither be enabled to rebut such proof, nor to plead a recovery in bar, in a future action for the same demand; and though the privity and intercourse between the parties may often enable them to know, without having recourse to pleadings, what is the nature of the claim or defence, yet a departure from a rule of general utility, cannot be justified, because in particular instances, it has no practical effect. But if the parties themselves could be presumed, from their privity, to know the true cause of action, to avail themselves of a judgment as a bar of a future action for the same cause, they must be able by legal averments, to make the identity of the cause of action known to a judicial tribunal, who are strangers to their transactions. It seems to the court that a contract to pay on request or demand, cannot be considered as a contract to pay on a future given day; and that, as an averment against record cannot be permitted, a judgment in an action upon the one never could be pleaded in bar to an action upon the other. Though the date of a contract, either as to time or place, is immaterial, yet the time and place of payment or performance are always considered as essential parts of a contract. The variance, therefore, in respect to the time of payment, in the present case, must be deemed material.
Judgment reversed.